**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL R. SPENGLER, | ) | Case No. 2:21-cv-08574-DOC (SP) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| SUPERIOR COURT OF LOS ANGELES, | ) | |
| Respondent. | ) | |

On October 18, 2021, petitioner Michael R. Spengler, an inmate at the Twin Towers Correctional Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). Petitioner is a pretrial detainee who seeks to challenge certain conditions of his confinement by way of a habeas petition. In particular, he contends he has been denied access to the law machine and his legal mail privileges have been revoked.

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because, as discussed below, it does not raise a cognizable habeas corpus claim over which this Court has jurisdiction.

Section 2254 permits a federal court to entertain a habeas petition by a prisoner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005). Here, this Court lacks jurisdiction to entertain the instant Petition because, despite his characterization of his claims, petitioner is not in fact claiming that he is in custody in violation of the Constitution or other federal law. *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody); *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) ("in custody" requirement is jurisdictional). Instead, he is challenging certain conditions of his confinement – his access to the law machine and legal mail – being determined by jail officials while he is in custody, which conditions he contends are unconstitutional. This is not a cognizable habeas corpus claim over which this Court has jurisdiction.

A federal court has the discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed, such as when the petition seeks relief from the conditions of confinement. *See Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam)

(holding that where a habeas corpus petition presents § 1983 claims challenging conditions of confinement, the petition should be construed as a civil rights action), superseded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).  But doing so is not warranted here where petitioner already has multiple civil rights actions pending in this court challenging the conditions of his confinement, including one in case number 2:21-cv-08287 filed the very same day as the habeas petition in this case. Petitioner is clearly aware of how to file civil rights actions when he wishes.  That petitioner has been barred from bringing most civil actions without prepaying the filing fees by the three strikes provisions of 28 U.S.C. § 1915(g) does not mean petitioner should be permitted to bring such claims by way of a habeas petition instead.  In short, construing the instant habeas Petition as a civil rights complaint would not be in the interests of justice.

   IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action.

DATED:  December 1, 2021

                _____
                HONORABLE DAVID O. CARTER
                UNITED STATES DISTRICT JUDGE

Presented by:

_____
 SHERI PYM
UNITED STATES MAGISTRATE JUDGE